# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

MARK ANTHONY MCCOY                                                MOVANT

V.                                                   NO. 1:98CR5-GHD

UNITED STATES OF AMERICA                              RESPONDENT

## ORDER GRANTING § 2255 RELIEF

Movant Mark Anthony McCoy was granted permission from the Court of Appeals for the Fifth Circuit to proceed in this Court on a second or successive motion for relief under 28 U.S.C. § 2255. In the present motion, he argues that he is entitled to relief from his sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the Armed Career Criminal Act ("ACCA")'s "residual clause" unconstitutionally vague.

Following a jury trial, McCoy was found guilty of possession of a firearm by a prior convicted felon. At sentencing, the Court found McCoy to be an armed career criminal after adopting the findings of a presentence investigation report determining that he had convictions for various robbery, burglary, and drug offenses. Under the ACCA, an individual with three previous convictions for violent felonies or serious drug offenses is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). This Court sentenced McCoy to a term of 288 months' imprisonment. *See* Doc. #33. Absent application of the ACCA, McCoy's maximum sentence of imprisonment would have been ten (10) years, which he has already served. *See* 18 U.S.C. § 924(a)(2).

The Government concedes that, in light of *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding that where state elements of burglary law are broader than the generic elements,

a conviction under that law cannot give rise to an ACCA enhancement), McCoy no longer has three predicate offenses for serious drug offenses or violent felonies to support an ACCA enhancement. The Court finds McCoy is entitled to relief.

Accordingly, it is **ORDERED**:

1. McCoy's motion for § 2255 relief [67] is **GRANTED**.

2. Effective immediately, McCoy's term of incarceration is reduced from 288 months to 120 months, and the Bureau of Prisons is directed to release McCoy from custody to serve his term of supervised release, which shall remain at five (5) years. Except as provided, all provisions of the judgment entered October 7, 1999, shall remain in effect.

**SO ORDERED** this 12th day of September, 2016.

*[signature]*
SENIOR U.S. DISTRICT JUDGE